IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>T-MOBILE USA, INC. and T-MOBILE US, INC., <br><br>*Defendants*. | § § § § § § § § § § § § § Case No. 2:21-cv-00072-JRG-RSP <br> LEAD CASE |

## ORDER

The Court previously ordered Plaintiff AGIS Software Development LLC to file a written notice of the narrowest set of discovery necessary to address venue by August 13, 2021, with Defendant WhatsApp, Inc. to file a response by August 16, 2021 and AGIS to file any reply by August 18, 2021. Dkt. No. 121. AGIS filed its written notice and attached to it correspondence with WhatsApp. Dkt. No. 122-1. AGIS' correspondence seeks, from 2017 to present, the following discovery:

(1) Documents sufficient to identify all physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations located in the EDTX and the counties adjacent to the EDTX, that are leased, owned, or otherwise used by WhatsApp, any affiliate of WhatsApp, or any employees, consultants, or any personnel of WhatsApp.

(2) All agreements, leases, contracts, and any legal rights for all physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, other physical locations, communications services, utility services, and all vendor services located or performed in the EDTX and the counties adjacent to the EDTX;

1

> (3) Documents sufficient to identify employees, officers, directors, contractors, vendors, agents, and third parties of WhatsApp and its affiliate, including, but not limited to, all Person(s) that reside or work in the EDTX and in the counties adjacent to the EDTX. Plaintiff agrees that Defendant does not need to provide the full home address. Plaintiff requests that, for each individual, Defendant provide at least: the individual's title, organization, and responsibilities; the city and county of residence of the individual; the full addresses of any office locations; any agreements to reimburse or otherwise provide payment for office space, equipment, utilities, and services; and any agreements and conditions of individual's employment.
>
> (4) All agreements, contracts, and documents related to all business, services, transactions, and work delivered or performed for any customers, by or on behalf of WhatsApp and its affiliates, in the EDTX and in the counties adjacent to the EDTX.

Dkt. No. 122-1 at 2–3. AGIS' correspondence also includes Interrogatory Nos. 10–13. Dkt. No. 122-2 at 3–6.

WhatsApp then filed its response, attaching correspondence with AGIS. Dkt. Nos. 123; 123-1 WhatsApp states that WhatsApp would make its declarant that neither WhatsApp nor parent company Facebook, Inc. "owns, leases, or rents any property, facilities, or equipment in this District, and that there are no WhatsApp or Facebook employees who work at any facility located in this District" available for deposition the week of August 23, 2021. Dkt. No. 123-1 at 2. WhatsApp asserts that it has produced certified land plats from official county records establishing the location of the Like Way Data Center as wholly in the Northern District of Texas and a declaration confirming that Facebook terminated its use of the INAP Data Center in 2018. *Id.* WhatsApp also promises to produce in the next two weeks the following discovery:

> agreements with INAP related to the INAP Data Center, WhatsApp's policy on remote work (confirming that neither WhatsApp nor Facebook own, lease, or otherwise pay for the home of its remote employees, WhatsApp and Facebook employees are free to live wherever they choose, and that employment by WhatsApp or Facebook is not contingent on living in this District),

2

>a list of WhatsApp remote employees (identified by employee number) residing in cities fully or partially in the Eastern District of Texas, and a list of Facebook remote employees (identified by employee number) residing in cities fully or partially in the Eastern District of Texas.

*Id.* WhatsApp contends AGIS seeks burdensome discovery that has no impact on the venue analysis to further delay a motion to dismiss. *Id.* at 3.

WhatsApp also responds to AGIS' Interrogatory Nos. 10–13 and objects to (1) an identification of all properties owned by any employees of WhatsApp and its affiliates because employee's properties are irrelevant, (2) all equipment located at these properties because Facebook removed all equipment from the INAP Data Center more than three years ago and a list of servers located there in 2017 does not change that, (3) discovery into locations and property dating back to 2017 because venue is to be examined as of the date the suit is filed, (4) all agreements relating to any services performed within the Eastern District of Texas and all counties adjacent to the Eastern District of Texas, including agreements relating to communication services, utility services, and all vendor services because it goes beyond the scope of relevant discovery, (5) the previous request narrowed to facilities adjacent to the Eastern District of Texas as such facilities are located outside the Eastern District of Texas and are irrelevant, (6) information on any employee, contractor, vendor, agent, or third party who merely resides in the Eastern District of Texas, (7) Interrogatory No. 13 in its entirety as vague and beyond what AGIS agreed to during meet and confer.

AGIS' reply letter contends that not only is AGIS entitled to all information and materials relevant to the activities and locations of WhatsApp in the Eastern District of Texas, but WhatsApp should also have already produced those items as responsive to the requirements of the Court's Discovery Order. Dkt. No. 127-1 at 2. Regarding Interrogatory No. 10 and Document Request No.

1, AGIS argues that WhatsApp's response does not address the portion of AGIS' request concerning whether WhatsApp, its affiliates, or its employees "use" any other "physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations" located within or adjacent to the Eastern District of Texas and accordingly does not object to this request. The Court agrees.

As AGIS states, what WhatsApp objects to is discovery on employee-owned properties, which AGIS asserts is a mischaracterization of Plaintiff's request. AGIS argues that it seeks discovery as to employees, consultants, and WhatsApp affiliates on:

> any "physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations" **for which WhatsApp reimburses, pays, or otherwise provides remuneration** for the "physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations." To the extent WhatsApp provides any remuneration for the "physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations," AGIS is entitled to the identity of the place(s), all agreements and terms related to the place(s), any documents relating to the place(s), and one or more testifying witnesses with knowledge of the place(s). Similarly, to the extent WhatsApp exerts any control over, conducts business from, has a hand in selecting, or conditions employment on an employee maintaining any "physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations," AGIS is entitled to the identity of the place(s), all agreements and terms related to the place(s), any documents relating to the place(s), and one or more testifying witnesses with knowledge of the place(s).

*Id.* at 4 (emphasis added). Document Request No. 1 provides:

> (1) Documents sufficient to identify all physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations located in the EDTX and the counties adjacent to the EDTX, **that are leased, owned, or otherwise used by** WhatsApp,

4

>    any affiliate of WhatsApp, or any **employees, consultants, or any personnel of WhatsApp**.

Dkt. No. 122-1 at 2 (emphasis added). It is not a mischaracterization to state that AGIS' request clearly seeks discovery on employee owned and leased properties. WhatsApp's objection to such a request is proper. However, the request that AGIS asserts that it intended to make—discovery regarding property that "WhatsApp reimburses, pays, or otherwise provides remuneration for"—is reasonable. Accordingly, the Court finds it proper for WhatsApp to produce the discovery requested in Document Request No. 1 with the caveat that it is explicitly limited to (1) "all physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations located in the EDTX and the counties adjacent to the EDTX that are leased, owned, or otherwise used by WhatsApp, any affiliate of WhatsApp;" (2) any physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations for which WhatsApp reimburses, pays, or otherwise provides remuneration for the physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations; and (3) the identity of, all agreements and terms related to, documents related to, and one or more testifying witnesses with knowledge of any physical property, offices, facilities, coworking spaces, warehouses, tangible and intangible property, equipment, servers, data centers, and other physical locations that WhatsApp exerts any control over, conducts business from, has a hand in selecting, or conditions employment on. This discovery excludes any residences where employees, consultants, or any personnel of WhatsApp both reside and conduct business from that WhatsApp does not reimburse, pay, or otherwise provide remuneration for. A residence that an employee may work remotely from that their employer does not condition employment on residence at or store materials at for distribution and

sale is not a regular and established place of business of the employer. *See In re Cray*, 871 F.3d at 1363–1367.

AGIS argues that WhatsApp should provide discovery on equipment located at the Like Way Data Center and INAP Data Center and that WhatsApp has provided no discovery on any migration or legacy services at the INAP Data Center. Dkt. No. 127-1 at 4. AGIS asserts that WhatsApp's response proposes limiting the discovery of the equipment WhatsApp uses in the Eastern District of Texas to equipment in only two locations and discovery dating back to 2017. *Id.* WhatsApp's response notes that discovery has been open for months and WhatsApp requested that AGIS serve any discovery it believed necessary to determine venue on June 9, 2021. Dkt. No. 123-1 at 3.

WhatsApp should have already produced such discovery regarding other locations in the Eastern District of Texas as part of its disclosures under the Discovery Order. However, AGIS should have requested this information if it was not provided and filed a motion to compel if WhatsApp refused. As WhatsApp says, discovery has been open for months, specifically since the scheduling conference on May 12, 2021. AGIS argues the discovery should not be limited to the two locations that WhatsApp argues in WhatsApp's Motion to Dismiss for Improper Venue (Dkt. No. 63), which was filed on April 27, 2021.

It is AGIS' burden to make arguments establishing venue in their response and sur-reply. AGIS is not limited to the locations WhatsApp argued in its motion. Discovery regarding any basis within the Eastern District of Texas for venue in advance of an evidentiary hearing for the purpose of resolving a motion to dismiss for improper venue is relevant and must be produced. Regarding the geographical scope's inclusion of "adjacent to the Eastern District of Texas," the objection to such scope as "outside the Eastern District of Texas" misses that there is a factual dispute regarding

the Like Way Data Center's location in its form as of the date the suit was filed. *See* Dkt. No. 127-1 at 5. For this reason, the Court permits discovery regarding locations "adjacent to the Eastern District of Texas" not because they are adjacent and therefore outside of the Eastern District of Texas, but because there is a dispute as to whether a location asserted to be only adjacent to the Eastern District of Texas is in fact within the Eastern District of Texas.

Regarding the timeline discovery can go back to, the Court permits AGIS to seek discovery dating back to 2017. While the Court recognizes that WhatsApp asserts that Facebook terminated its use of the INAP Data Center in 2018, AGIS argues that legacy equipment may remain in operation and asserts that "WhatsApp has provided no discovery on any migration or legacy services at the INAPP [sic] Data Center." Dkt. No. 127-1 at 4. If Facebook has terminated its use of the INAP Data Center and no such equipment remains, WhatsApp is in the best position to provide evidence. As AGIS illustrates in its non-limiting example, "if WhatsApp entered into an agreement to own, lease, or otherwise use a certain place prior to the filing of the complaint, or prior to the time the cause of action accrued, that agreement should not be excluded from production if the agreement was effective at the time of the filing of the complaint or the time the cause of action accrued." *Id.* at 5.

AGIS argues, contrary to WhatsApp's intent to limit the scope of discovery to remote employees in the District by "exclude[ing] employees, vendors, contractors, utility providers, and agents that reside in the Eastern District of Texas," and regarding Interrogatory No. 12 and Document Request No. 3, that AGIS is entitled to discover the requested categories of individuals and third parties. Dkt. No. 127-1 at 6. Document Request No. 3 provides:

> Documents sufficient to identify employees, officers, directors, contractors, vendors, agents, and third parties of WhatsApp and its affiliate, including, but not limited to, all Person(s) that reside or work in the EDTX and in the counties adjacent to the EDTX.

7

> Plaintiff agrees that Defendant does not need to provide the full home address. Plaintiff requests that, for each individual, Defendant provide at least: the individual's title, organization, and responsibilities; the city and county of residence of the individual; the full addresses of any office locations; any agreements to reimburse or otherwise provide payment for office space, equipment, utilities, and services; and any agreements and conditions of individual's employment.

Dkt. No. 122-1 at 3. The Court finds the scope of this request to be reasonable. Regarding home addresses, AGIS limits the scope as "Plaintiff agrees that Defendant does not need to provide the full home address. Plaintiff requests that, for each individual, Defendant provide . . . the city and county of residence . . . [and] the full address of any office locations . . . ." *Id.*

Finally, AGIS contends that "all agreements, contracts, and documents related to all business, services, transactions, and work delivered or performed for any customers, by or on behalf of WhatsApp and its affiliates, in the EDTX and in the counties adjacent to the EDTX" is relevant to the venue analysis in its entirety. The Court agrees regarding document production. However, AGIS does not respond to WhatsApp's objection to Interrogatory No. 13 as vague and unbounded. *See* Dkt. No. 123-1 at 5–6. Interrogatory No. 13 provides:

> Identify and describe, in detail, all past and present business, services, transactions, and work conducted and performed in any county of the Eastern District of Texas and any county adjacent to the Eastern District of Texas by or on behalf of WhatsApp and its affiliates. This request is limited to the time period of 2017 to present.

Dkt. No. 122-2 at 6. WhatsApp argues, "[f]or example, this request encompasses any use of the WhatsApp product (accused or not accused) within the Eastern District of Texas." Dkt. No. 123-1 at 6. The Court agrees that the vagueness present in the interrogatory suggests an improperly broad scope. Accordingly, the Court specifically excludes from document production and

Interrogatory No. 13 production regarding the use of WhatsApp products by individual end-users. Such a production is not only overbroad and burdensome to produce but also excessively invasive.

Accordingly, the Court hereby **ORDERS** that WhatsApp produce the requested discovery and answer Interrogatory Nos. 10–13 as limited by the above exclusions.

**SIGNED this 20th day of August, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE