IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, § § § *Plaintiff*, § § v. § § T-MOBILE USA, INC. and T-MOBILE § US, INC., § § *Defendants*. § | Case No. 2:21-cv-00072-JRG-RSP LEAD CASE |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Uber Technologies, Inc.'s ("Uber") Motion to Dismiss ("Uber's MTD"). **Dkt. No. 24**. Uber's Motion requests the Court dismiss it from the above-captioned matter for improper venue, ineligible subject matter, and inadequate pleading. *Id.* at 11. The Court presently addresses Uber's MTD solely with respect to the defense of improper venue.

### I. BACKGROUND

On March 3, 2021, AGIS filed its complaint against Defendants T-Mobile USA, Inc. and T-Mobile US, Inc. Dkt. No. 1. On April 16, 2021, the Court consolidated similar actions against Lyft, Uber, and WhatsApp with the above-captioned matter as the lead case. Dkt. No. 14.

### II. LEGAL STANDARDS

#### A. Venue

In matters unique to patent law, Federal Circuit law rather than regional circuit law applies. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (citing *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999)). 28 U.S.C. § 1400(b) is unique to patent law and "constitute[s] 'the exclusive provision controlling venue in patent infringement proceedings'

1

. . . ." *Id.* (citing *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514, 1518 (2017) (quoting *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 563 (1942))).

Venue is proper for patent infringement suits "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For § 1400(b) venue by residence, a domestic corporation resides only in its state of incorporation. *TC Heartland LLC*, 137 S.Ct. at 1520. For § 1400(b) venue by a regular and established place of business, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360. "Where a complaint alleges infringement, the allegations 'satisfy the 'acts of infringement' requirement of § 1400(b) '[a]lthough the[] allegations may be contested.'" *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 942 (E.D. Tex. 2017) (quoting *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F.Supp.3d 916, 928 (E.D. Va. 2017)).

A "place of business" does not require "real property ownership or a leasehold interest in real property" and "leased shelf space or rack space can serve as a 'place' under the statute." *In re Google LLC*, 949 F.3d 1338, 1343–44 (Fed. Cir. 2020). A "place of business" generally requires an employee or agent of the defendant to conduct business at that place. *Id.* at 1344. The "agent or employee" need not be "a human agent" and the Court left open the question of whether a machine may be an agent. *Id.* at 1347.

The Federal Circuit has held that a place of business is "of the defendant," if it is established or ratified by the defendant. *Id.* at 1363. A place may be "of the defendant" even if the defendant does not own or lease the place if the defendant exercises other attributes of possession or control over the place and "the statute could be satisfied by any physical place that the defendant could 'possess[] or control.'" *In re Google*, 949 F.3d at 1343. This requirement is satisfied if the

defendant "actually engage[s]" in business from the physical location in the District. *Intellectual Ventures II LLC* v. FedEx Corp., No. 2:16-cv-980-JRG, 2017 WL 5630023, at *7 (E.D. Tex. Nov. 22, 2017).

A party may move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). "Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff." *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 120–21 (E.D. Tex. 2009) (citing *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D.Tex. 2002).

A plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Id*. The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)).

"[V]enue facts are to be examined as of the date the suit is filed." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017). The Federal Circuit has emphasized that "each case depends on its own facts" and "no one fact is controlling." *In re Cray, Inc.*, 871 F.3d at 1362, 1366. If venue is improper, the Court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### III. ANALYSIS

Uber argues that venue is improper for U.S. Patent No. 10,341,838 (the "'838 Patent"). Dkt. No. 24 at 13–14. Uber asserts that "AGIS generically asserts that Uber has 'committed acts of direct and indirect infringement' in this District . . . . [b]ut this allegation . . . falls far short for the asserted claim of the '838 Patent (claim 1), which is limited to a method to be performed 'by

one or more servers.'" *Id.* Uber contends that to establish venue for the '838 Patent, AGIS must allege that somewhere in this District Uber operates a server according to the claimed method of the '838 Patent. *Id.* at 14. Uber asserts that AGIS does not allege such facts "nor can it. In fact, Uber has no servers in this District or Texas for that matter." *Id.* (citing Dkt. No. 24-2 at ¶ 2).

AGIS responds that Uber's MTD is based on the incorrect legal standard. Dkt. No. 43 at 7. AGIS argues that the Court has previously found that "not all of the alleged infringing activity needs to have occurred in the District so long as some act of infringement took place there" and "the acts of infringement required to support venue need not be acts of direct infringement alone." *Id.*

AGIS asserts that Uber had disclosed that it engages in a "classic hybrid cloud approach" which "utilizes co-located data centers located in the United States and multiple third-party cloud computing services." *Id.* at 14 (citing Dkt. Nos. 43-2, 43-3). AGIS contends that Uber's S-1 filings with the SEC disclose a "massive network" consisting of "tens of millions of Drivers, consumers, restaurants, shippers, carriers, and dockless e-bikes and e-scooters, as well as underlying data, technology, and shared infrastructure" and that it "collect[s], use[s], and process[es] a variety of personal data, such as email addresses, mobile phone numbers, profile photos, location information" and relies on "third-party service providers to host or otherwise process some of our data and that of platform users." *Id.* (citing Dkt. No. 43-4).

AGIS argues that the court in *Seven Networks* rejected the argument that direct infringement of a method claim by a defendant alone and entirely within the District was required to show commission of an act of infringement under the venue statute. *Id.* at 15 (citing *Seven Networks*, 315 F. Supp. 3d at 943). AGIS asserts the court held there that "the acts of infringement required to support venue in a patent infringement action need not be acts of direct infringement,

4

and venue does lie if the defendant only induced the infringement or contributed to the infringement in the forum." *Id.* (citing *Seven Networks*, 315 F. Supp. 3d at 943).

Uber replies that asserted claim 1 of the '838 Patent recites method steps "to be performed by one or more servers," the burden to establish proper venue is on AGIS, and AGIS points to Uber's alleged use of "co-located data centers located in the United States and multiple third-party cloud computing services," without tying any of those services to the accused technology or establishing that any of those services are present in this District. Dkt. No. 51 at 6–7. Uber argues that both the asserted method claim and unasserted system claim require that one or more servers perform all of the claimed steps of operations, and accordingly none of those limitations could be practiced in this District as none of the accused servers is present in this District. *Id.* at 7. Uber further argues that because Uber is the only alleged direct infringer of the '838 Patent and Uber does not infringe in this District, venue cannot be supported through allegations of indirect infringement. *Id.*

AGIS argues that it has sufficiently pleaded direct and indirect infringement with respect to the '838 Patent and is not required to set forth in detail its infringement theories at this stage. Dkt. No. 69 at 5 (citing Dkt. No. 43 at 17 (citing *Seven Networks*, 315 F. Supp. 3d at 942–43)). AGIS requests, alternatively, that the Court permit it to conduct venue discovery prior to a determination of Uber's MTD. *Id.* at 6. AGIS contends that venue discovery would provide additional evidence regarding Uber's servers, networks, and physical locations in this District. *Id.*

AGIS has the burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue."). "[AGIS's] allegations in the complaint are taken as true unless controverted by affidavits, declarations, or other evidence." *Soverain IP, LLC v.*

*AT&T, Inc.*, 2017 WL 5126158, at *2 (E.D. Tex. Oct. 31, 2017). Uber has presented affidavit evidence that Uber does not operate any servers in this District. Dkt. No. 24-2 at ¶ 2.

AGIS has presented evidence that Uber engages in a "classic hybrid cloud approach" which "utilizes co-located data centers located in the United States and multiple third-party cloud computing services." Dkt. No. 43 at 14 (citing Dkt. Nos. 43-2, 43-3). AGIS has also presented evidence of Uber's "massive network" consisting of "tens of millions of Drivers, consumers, restaurants, shippers, carriers, and dockless e-bikes and e-scooters, as well as underlying data, technology, and shared infrastructure" and that it "collect[s], use[s], and process[es] a variety of personal data, such as email addresses, mobile phone numbers, profile photos, location information" and reliance on "third-party service providers to host or otherwise process some of our data and that of platform users." *Id.* (citing Dkt. No. 43-4). AGIS follows these assertions with the statement "[a]ccordingly, the physical infrastructure used by Defendant appears to be much broader than just the "servers," as submitted by Mr. Rapipong and Defendant."

The Court notes that although Uber challenges venue with respect to the '838 Patent, Uber has not alleged improper venue with respect to other patents at issue in this matter. With respect to the question of servers themselves, AGIS has pleaded that "Uber has manufactured, used, marketed, distributed, sold, offered for sale, and exported from and imported into the United States products and software that infringe the Patents-in-Suit . . . and the related services and/or servers for the applications . . . ." Case No. 2:21-cv-00026-JRG-RSP, Dkt. No. 1 at 11. The Court finds such pleading sufficient for a motion to dismiss. Accordingly, Uber's MTD should be denied with respect to the defense of improper venue.

## IV.     CONCLUSION

**IT IS RECOMMENDED** that Uber's MTD (Dkt. No. 24) be denied-in-part with respect to the request to dismiss the '838 Patent from suit for improper venue.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 3rd day of September, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE